# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF GEORGIA
# WAYCROSS DIVISION

ROGELIO ROSA-DELGADO,

    Plaintiff,

v.

WARDEN TRACY JOHNS, et al.,

    Defendants.

CIVIL ACTION NO.: 5:17-cv-97

## ORDER and MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff, an inmate at D. Ray James Correctional Facility in Folkston, Georgia, filed this action pursuant to Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971), contesting certain conditions of his confinement. (Doc. 1.) Plaintiff also filed a Motion for Leave to Proceed *in Forma Pauperis*. (Doc. 2.) For the reasons which follow, the Court **DENIES** Plaintiff's Motion. For these same reasons, I **RECOMMEND** the Court **DISMISS** Plaintiff's Complaint, **DIRECT** the Clerk of Court to **CLOSE** this case and enter the appropriate judgment of dismissal, and **DENY** Plaintiff *in forma pauperis* status on appeal.

## BACKGROUND

In his Complaint, Plaintiff contends he fell from his top bunk on October 19, 2014, and sustained "some severe injuries" as a result. (Doc. 1, p. 4.) Specifically, Plaintiff claims three of his top teeth were broken, and he still is in pain. Plaintiff states he has "hard pain" in his neck, cuts to his lip, pain around his eyes, head, and right knee, and lost his sight. (Id. at p. 5.) Plaintiff asserts he was taken to the hospital, during which time he received stitches and discovered he had a dislocated hip and spine. (Id.) Plaintiff avers he has pain in his teeth when

he eats and has "shakes" in his hands. (Id. at p. 7.) In addition, Plaintiff asserts staff at D. Ray James Correctional Facility failed to follow the hospital's instructions and did not provide him with "effective" medication. (Id. at p. 8.) Plaintiff maintains he needs to see a specialist and should be awarded monetary damages as a result of his fall. (Id. at p. 5.)

## STANDARD OF REVIEW

Pursuant to 28 U.S.C. § 1915A, the Court must review a complaint in which a prisoner seeks redress from a governmental entity. Upon such screening, the Court must dismiss a complaint, or any portion thereof, that is frivolous, malicious, or fails to state a claim upon which relief may be granted or which seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

When reviewing a Complaint filed by a prisoner plaintiff, the Court is guided by the instructions for pleading contained in the Federal Rules of Civil Procedure. See Fed. R. Civ. P. 8 ("A pleading that states a claim for relief must contain [among other things] . . . a short and plain statement of the claim showing that the pleader is entitled to relief."); Fed. R. Civ. P. 10 (requiring that claims be set forth in numbered paragraphs, each limited to a single set of circumstances). Further, a claim is frivolous under Section 1915(e)(2)(B)(i) "if it is 'without arguable merit either in law or fact.'" Napier v. Preslicka, 314 F.3d 528, 531 (11th Cir. 2002) (quoting Bilal v. Driver, 251 F.3d 1346, 1349 (11th Cir. 2001)).

Whether a complaint fails to state a claim under Section 1915(e)(2)(B)(ii) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6). Thompson v. Rundle, 393 F. App'x 675, 678 (11th Cir. 2010). Under that standard, this Court must determine whether the complaint contains "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556

U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). A plaintiff must assert "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not" suffice. Twombly, 550 U.S. at 555. Section 1915 also "accords judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." Bilal, 251 F.3d at 1349 (quoting Neitzke v. Williams, 490 U.S. 319, 327 (1989)).

In its analysis, the Court will abide by the long-standing principle that the pleadings of unrepresented parties are held to a less stringent standard than those drafted by attorneys and, therefore, must be liberally construed. Haines v. Kerner, 404 U.S. 519, 520 (1972); Boxer X v. Harris, 437 F.3d 1107, 1110 (11th Cir. 2006) ("*Pro se* pleadings are held to a less stringent standard than pleadings drafted by attorneys[.]") (quoting Hughes v. Lott, 350 F.3d 1157, 1160 (11th Cir. 2003)). However, Plaintiff's unrepresented status will not excuse mistakes regarding procedural rules. McNeil v. United States, 508 U.S. 106, 113 (1993) ("We have never suggested that procedural rules in ordinary civil litigation should be interpreted so as to excuse mistakes by those who proceed without counsel.").

**DISCUSSION**

**I.  Plaintiff's Complaint is Barred by *Res Judicata***

Plaintiff's Complaint in this case is due to be dismissed because it is barred by *res judicata*—often called claim preclusion—principles. "The doctrine of *res judicata*, or claim preclusion, bars the parties to an action from litigating claims that were or could have been litigated in a prior action between the same parties." Lobo v. Celebrity Cruises, Inc., 704 F.3d 882, 892 (11th Cir. 2013). "*Res judicata* will bar a later action if the following requirements are

met: (1) the prior decision was rendered by a court of competent jurisdiction; (2) there was a final judgment on the merits; (3) the parties were identical in both suits; and (4) the prior and present causes of action are the same." Harmon v. Webster, 263 F. App'x 844, 845 (11th Cir. 2008) (citing Jang v. United Tech. Corp., 206 F.3d 1147, 1149 (11th Cir. 2000)).

Plaintiff filed a prior cause of action pursuant to Bivens in this Court on April 15, 2016, Rosa-Delgado v. The GEO Group, Inc., et al., Case Number 5:16-cv-31. In his complaint, Plaintiff contended he received inadequate medical care and treatment at D. Ray James Correctional Facility after he fell from his top bunk on October 21, 2014.[1] Plaintiff claimed he received injuries to his face and was experiencing neck pain, headaches, dental pain, difficulty eating, and "shakes" in his hands. Plaintiff alleged that defendants were deliberately indifferent to his medical needs because he did not receive the medical attention he deemed necessary. Specifically, Plaintiff alleged defendants failed to send him to a specialist and provided him with insufficient medicine, which caused him to lose sleep due to pain. Compl., Rosa-Delgado v. The GEO Group, Inc., et al., 5:16-cv-31 (S.D. Ga. Apr. 15, 2016), ECF No. 1, pp. 4–6.

Based on the requisite frivolity review of Plaintiff's complaint, I recommended that the Court dismiss Plaintiff's complaint because Plaintiff could not sustain a Bivens claim against employees of a privately-operated federal prison when state law authorized adequate, alternative remedies. In the alternative, I recommended the Court dismiss Plaintiff's claims against defendant Tracy Johns under supervisory liability principles and Plaintiff's Eighth Amendment

---

[1] In his complaint in Case Number 5:16-cv-31, Plaintiff asserted he fell from his top bunk on October 21, 2014, whereas in his Complaint in the instant case, he states he fell from his top bunk on October 19, 2014. The discrepancies in the dates of Plaintiff's alleged fall appear to be nothing more than a typographical error, and it is evident Plaintiff suffered but one fall from the top bunk. Plaintiff attached his medical records to his Complaint. An Emergency Room Referral Notification is dated October 19, 2014, with an arrival date to the emergency room on October 20, 2014. (Doc. 1, p. 36.) Additionally, the medical form from D. Ray James Correctional Facility is dated October 19, 2014, and October 20, 2014, is written over the original date. (Id. at p. 37.) Further, a Nursing Assessment dated October 31, 2014, reveals Plaintiff complained about being in "alot [sic] of pain" since October 20, 2014. (Id. at p. 39.)

deliberate indifference claims based on Plaintiff's failure to state a claim. R. & R., Rosa-Delgado v. The GEO Group, Inc., et al., 5:16-cv-31 (S.D. Ga. July 26, 2016), ECF No. 8. The Court adopted the report and recommendation and dismissed Plaintiff's complaint for failure to state a viable Bivens claim. Order, Rosa-Delgado v. The GEO Group, Inc., et al., 5:16-cv-31 (S.D. Ga. Sept. 23, 2016), ECF No. 10. The Court entered judgment closing the case on September 26, 2016. J., Rosa-Delgado v. The GEO Group, Inc., et al., 5:16-cv-31 (S.D. Ga. Sept. 26, 2016), ECF No. 11.

This Court, a court of competent jurisdiction, dismissed Case Number 5:16-cv-31 because Plaintiff failed to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). That dismissal was a final judgment on the merits. Harmon, 263 F. App'x at 845; see also NAACP v. Hunt, 891 F.2d 1555, 1560 (11th Cir. 1990) ("[U]nless the court specifies otherwise, dismissal on the grounds that the facts and law show no right to relief operates as an adjudication on the merits."); Bierman v. Tampa Elec. Co., 604 F.2d 929, 930–31 (5th Cir. 1979) (where district court dismissed action *sua sponte* for failure to prosecute and did not specify whether dismissal was with or without prejudice, dismissal acted as adjudication on merits, such that *res judicata* barred subsequent action presenting same claim); Hall v. Tower Land & Investment Co., 512 F.2d 481, 483 (5th Cir. 1975) (where district judge dismissed first action for failure to state a claim on which relief can be granted but did not indicate whether dismissal order was "with prejudice" or "without prejudice," that order "operates as an adjudication on the merits" for res judicata purposes). Furthermore, both Plaintiff and some of the named Defendants in this case are the same parties as those named in Case Number 5:16-cv-31.[2] Finally, the two causes of action are the same, as the allegations contained in Plaintiff's

---

[2] In Case Number 5:16-cv-31, Plaintiff named Tracy Johns, Medic Department, Dr. Rich, and Dr. Thomas as defendants. Compl., Rosa-Delgado v. The GEO Group, Inc., et al., 5:16-cv-31 (S.D. Ga. Apr.

5

Complaint in this case are virtually identical to the allegations he made in his complaint in Case Number 5:16-cv-31.

As all of the requirements for *res judicata* have been met, Plaintiff's claims are barred, and the Court should, therefore, **DISMISS** his Complaint.

## II.   Dismissal of Bivens Claim Against Private Employees

Even if Plaintiff's Complaint were not barred by *res judicata*, Plaintiff's Complaint is due to be dismissed nevertheless. The United States Supreme Court has held that a federal prisoner cannot bring a Bivens claim against employees of a privately operated federal prison when state law authorizes adequate alternative damages actions.[3] Minneci v. Pollard, 565 U.S. 118 (2012). The Court stated that "in the case of a privately employed defendant, state tort law provides an 'alternative, existing process' capable of protecting the constitutional interests at stake." Id. at 126 (quoting Wilkie v. Robbins, 551 U.S. 537, 559 (2007) (declining to extend Bivens liability to allow a landowner to pursue a private action against employees of the Bureau of Land Development)).

D. Ray James Correctional Facility is a private entity that operates under a contract with the Bureau of Prisons. The employees of D. Ray James are employees of The GEO Group, Inc., a private entity. Like the plaintiffs in Minneci and Alba, so long as Plaintiff has adequate state

---

15, 2016), ECF No. 1. Here, Plaintiff once again names Tracy Johns, Dr. Rich(ard Smith), Dr. Thomas, and several individually-identified members of the Medical Department staff. (Doc. 1.) Because it is not clear whether *res judicata* principles bar Plaintiff's claims against all Defendants named in this cause of action, the Court also analyzes whether Plaintiff can maintain Bivens claims against the named Defendants. However, Plaintiff should have named the individually-identified members of the Medical Department he names in this cause of action in his previously-filed complaint. See Lobo, 704 F.3d at 892 ("The doctrine of *res judicata*, or claim preclusion, bars the parties to an action from litigating claims that were or could have been litigated in a prior action between the same parties.").

[3] It should be noted that, in the Eleventh Circuit, such a claim has been foreclosed since 2008. See Alba v. Montford, 517 F.3d 1249 (11th Cir. 2008) (declining to extend Bivens to cover a claim for deliberate indifference to medical needs against Corrections Corporation of America, a private facility under contract with the Bureau of Prisons, and its employees).

law remedies available to him, he may not maintain a cause of action pursuant to Bivens against the named Defendants because The GEO Group, Inc., and its employees are private parties. Thus, Plaintiff's remedy, if any, against Defendants lies in state court.[4] Consequently, Plaintiff cannot bring a Bivens action against Defendants. As such, the Court should **DISMISS** Plaintiff's Complaint.

### III. Whether Plaintiff's Eighth Amendment Claims are Subject to Dismissal

In order to state a claim for relief under Bivens, Plaintiff must satisfy two elements. First, he must allege that an act or omission deprived him "of some right, privilege, or immunity secured by the Constitution or laws of the United States." Hale v. Tallapoosa Cty., 50 F.3d 1579, 1582 (11th Cir. 1995). Second, Plaintiff must allege that the act or omission was committed by "a person acting under color of [federal] law." Id.

The Eighth Amendment imposes duties on prison officials including the duty to take reasonable measures to ensure the safety of inmates. Farmer v. Brennan, 511 U.S. 825, 828 (1994). This right to safety is violated when a defendant shows a deliberate indifference to a substantial risk of serious harm. Carter v. Galloway, 352 F.3d 1346, 1349 (11th Cir. 2003) (citing Farmer, 511 U.S. at 828). In order to prevail on such a claim, the plaintiff must establish the following: (1) there was a substantial risk of serious harm to him; (2) defendants showed a deliberate indifference to this risk; and (3) there is a causal connection between the defendants' acts or omissions and the alleged constitutional deprivation. Id.

In the medical care context, the standard for cruel and unusual punishment, embodied in the principles expressed in Estelle v. Gamble, 429 U.S. 97, 104 (1976), is whether a prison official exhibits a deliberate indifference to the serious medical needs of an inmate. Farmer, 511

---

[4] The Court offers no opinion as to the efficacy of such a pursuit.

U.S. at 828. However, "not every claim by a prisoner that he has not received adequate medical treatment states a violation of the Eighth Amendment." Harris v. Thigpen, 941 F.2d 1495, 1505 (11th Cir. 1991) (quoting Estelle, 429 U.S. at 105). Rather, "an inmate must allege acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs." Hill v. DeKalb Reg'l Youth Det. Ctr., 40 F.3d 1176, 1186 (11th Cir. 1994).

In order to prove a deliberate indifference claim, a prisoner must overcome three obstacles. The prisoner must: (1) "satisfy the objective component by showing that [he] had a serious medical need"; (2) "satisfy the subjective component by showing that the prison official acted with deliberate indifference to [his] serious medical need"; and (3) "show that the injury was caused by the defendant's wrongful conduct." Goebert v. Lee Cty., 510 F.3d 1312, 1326 (11th Cir. 2007). A medical need is serious if it "'has been diagnosed by a physician as mandating treatment or [is] one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention.'" Id. (quoting Hill, 40 F.3d at 1187). As for the subjective component, the Eleventh Circuit Court of Appeals has consistently required that "a defendant know of and disregard an excessive risk to an inmate's health and safety." Haney v. City of Cumming, 69 F.3d 1098, 1102 (11th Cir. 1995). Under the subjective prong, an inmate "must prove three things: (1) subjective knowledge of a risk of serious harm; (2) disregard of that risk; (3) by conduct that is more than [gross] negligence." Goebert, 510 F.3d at 1327.

"The meaning of 'more than gross negligence' is not self-evident[.]" Goebert, 510 F.3d at 1327. In instances where a deliberate indifference claim turns on a delay in treatment rather than the type of medical care received, the factors considered are: "(1) the seriousness of the medical need; (2) whether the delay worsened the medical condition; and (3) the reason for the delay." Id. "When the claim turns on the quality of the treatment provided, there is no

constitutional violation as long as the medical care provided to the inmate is 'minimally adequate.'" Blanchard v. White Cty. Det. Ctr. Staff, 262 F. App'x 959, 964 (11th Cir. 2008) (quoting Harris, 941 F.2d at 1504). "Deliberate indifference is not established where an inmate received care but desired different modes of treatment." Id.

Even if Plaintiff could properly assert his claims under Bivens, Plaintiff fails to allege sufficient facts indicating that Defendants disregarded any medical need with conduct which surpasses gross negligence. At most, Plaintiff alleges that Defendants negligently failed to send him to a specialist and failed to prescribe enough pain medication. (Doc. 1.) The United States Supreme Court has emphasized that mere negligence in providing medical treatment or a difference of medical opinion does not give rise to an Eighth Amendment claim and medical malpractice does not become a constitutional violation simply because the victim is incarcerated. Estelle, 429 U.S. at 106; see also Kelley v. Hicks, 400 F.3d 1282, 1285 (11th Cir. 2005) ("Mere negligence, however, is insufficient to establish deliberate indifference."); Johnson v. Quinones, 145 F.3d 164, 168 (4th Cir. 1998) (negligence in misdiagnosis of pituitary tumor not sufficient for Eighth Amendment claim); Moore v. McNeil, No. 09-22754-CIV, 2009 WL 7376782, at *5 (S.D. Fla. Dec. 7, 2009), *report and recommendation adopted in part*, No. 09-22754-CIV, 2011 WL 304313 (S.D. Fla. Jan. 28, 2011) ("Treatment violates the Eighth Amendment only if it involves something more than a medical judgment call, an accident, or an inadvertent failure. It must be so grossly incompetent, inadequate, or excessive as to shock the conscience or to be intolerable to fundamental fairness.") (quoting Murrell v. Bennett, 615 F.2d 306, 310 n.4 (5th Cir. 1980), and Rogers v. Evans, 792 F.2d 1052, 1058 (11th Cir. 1986)). The purpose of the subjective requirement of the deliberate indifference test is "to prevent the constitutionalization of medical malpractice claims; thus, a plaintiff alleging deliberate indifference must show more

than negligence or the misdiagnosis of an ailment." Rouster v. Cty. of Saginaw, 749 F.3d 437, 446–47 (6th Cir. 2014) (quoting Comstock v. McCrary, 273 F.3d 693, 703 (6th Cir. 2001)); Payne v. Groh, No. CIV. 1:99CV83, 1999 WL 33320439, at *5 (W.D.N.C. July 16, 1999) ("An allegation of misdiagnosis, even when accompanied by a speculative allegation of subjective intent, amounts only to the state-law tort of medical malpractice, not to a tort of constitutional magnitude for which [Bivens] is reserved.").

Plaintiff's allegations, even when accepted as true and construed in his favor, simply do not rise to the level of a constitutional violation. Consequently, the Court should **DISMISS** Plaintiff's Eighth Amendment claims against all Defendants for this additional reason.

**IV.     Leave to Appeal *in Forma Pauperis***

The Court should also deny Plaintiff leave to appeal *in forma pauperis*.[5] Though Plaintiff has, of course, not yet filed a notice of appeal, it would be appropriate to address these issues in the Court's order of dismissal. Fed. R. App. P. 24(a)(3) (trial court may certify that appeal is not taken in good faith "before or after the notice of appeal is filed").

An appeal cannot be taken *in forma pauperis* if the trial court certifies that the appeal is not taken in good faith. 28 U.S.C. § 1915(a)(3); Fed. R. App. P. 24(a)(3). Good faith in this context must be judged by an objective standard. Busch v. Cty. of Volusia, 189 F.R.D. 687, 691 (M.D. Fla. 1999). A party does not proceed in good faith when he seeks to advance a frivolous claim or argument. See Coppedge v. United States, 369 U.S. 438, 445 (1962). A claim or argument is frivolous when it appears the factual allegations are clearly baseless or the legal theories are indisputably meritless. Neitzke v. Williams, 490 U.S. 319, 327 (1989); Carroll v. Gross, 984 F.2d 392, 393 (11th Cir. 1993). Stated another way, an *in forma pauperis* action is frivolous, and thus, not brought in good faith, if it is "without arguable merit either in law or

---

[5] A certificate of appealability is not required in this Bivens action.

fact." Napier v. Preslicka, 314 F.3d 528, 531 (11th Cir. 2002); see also Brown v. United States, Nos. 407CV085, 403CR001, 2009 WL 307872, at *1–2 (S.D. Ga. Feb. 9, 2009).

Based on the above analysis of Plaintiff's action, there are no non-frivolous issues to raise on appeal, and an appeal would not be taken in good faith. Thus, the Court should **DENY** Plaintiff *in forma pauperis* status on appeal.

## CONCLUSION

The Court **DENIES** Plaintiff's Motion for Leave to Proceed *in Forma Pauperis*. (Doc. 2.) I **RECOMMEND** the Court **DISMISS** Plaintiff's Complaint for failure to state a claim, **DIRECT** the Clerk of Court to **CLOSE** this case and enter the appropriate judgment of dismissal, and **DENY** Plaintiff leave to appeal *in forma pauperis*.

The Court **ORDERS** any party seeking to object to this Report and Recommendation to file specific written objections within fourteen (14) days of the date on which this Report and Recommendation is entered. Any objections asserting that the Magistrate Judge failed to address any contention raised in the Complaint must also be included. Failure to do so will bar any later challenge or review of the factual findings or legal conclusions of the Magistrate Judge. See 28 U.S.C. § 636(b)(1)(C); Thomas v. Arn, 474 U.S. 140 (1985). A copy of the objections must be served upon all other parties to the action. The filing of objections is not a proper vehicle through which to make new allegations or present additional evidence.

Upon receipt of Objections meeting the specificity requirement set out above, a United States District Judge will make a *de novo* determination of those portions of the report, proposed findings, or recommendation to which objection is made and may accept, reject, or modify in whole or in part, the findings or recommendations made by the Magistrate Judge. Objections not meeting the specificity requirement set out above will not be considered by a District Judge. A

party may not appeal a Magistrate Judge's report and recommendation directly to the United States Court of Appeals for the Eleventh Circuit. Appeals may be made only from a final judgment entered by or at the direction of a District Judge. The Court **DIRECTS** the Clerk of Court to serve a copy of this Report and Recommendation upon Plaintiff.

**SO ORDERED** and **REPORTED** and **RECOMMENDED**, this 16th day of October, 2017.

R. STAN BAKER
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA